IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MALIK STEWART,<br><br>　　Plaintiff,<br><br>　　v.<br><br>WCI,<br><br>　　Defendant. | Civil Action No.:  JRR-24-2388 |

**MEMORANDUM**

Plaintiff Malik Stewart, who is incarcerated at Western Correctional Institution ("WCI"), filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed in Forma Pauperis as directed by this Court. ECF Nos. 3, 4, 5.  Because Stewart appears to be indigent, his Motion to Proceed in Forma Pauperis will be granted.  However, for the reasons that follow, the Amended Complaint must be dismissed.

Because Stewart is a prisoner suing "a governmental entity or officer or employee of a governmental entity," the Court must screen his Complaint before it may proceed, and the Court must dismiss any part of the Complaint that, as relevant here, fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(a), (b)(1) (2012).  A self-represented party's complaint must be construed liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court directed Stewart to amend his original Complaint because Stewart failed to clearly state a federal claim and had not named proper defendants.  ECF No. 3 at 2.  Stewart has failed to correct these deficiencies in the Amended Complaint.  *See* ECF No. 4.  Here, he sparsely

addresses his claims in insufficient detail.  *Id.*  Further, he names Western Correctional Institution as the sole Defendant. *Id.*  Many courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983, and the court finds these cases persuasive.  *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").  Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and WCI is not a person within the meaning of the statute.

Stewart was warned that his Amended Complaint needed to address the deficiencies noted by the Court or it would be subject to dismissal.  *See* ECF No. 3.  He has failed to do so.  Therefore, based on the limited information provided in the Amended Complaint, and the failure to name a proper Defendant, even construed liberally, Stewart's Amended Complaint cannot provide any basis for relief.  Therefore, it shall be dismissed.

A separate Order follows.

/S/

_____
Julie R. Rubin
United States District Judge

September 25, 2024